IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VALERIE ANN MAGEE,

     Plaintiff,

    v.

RUSSELL MAYS and CARROLL
MANAGEMENT GROUP, *agent of
Arium Dunwoody Apartments*,

    Defendants.

CIVIL ACTION FILE

NO. 1:15-CV- 1884-MHC-WEJ

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff, Valerie Ann Magee, alleges that defendant Attorney Russell Mays violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by failing to stay a dispossessory action immediately upon learning of her bankruptcy, and that Carroll Management Group A/A/F Arium Dunwoody Apartments ("Carroll Management Group") violated the Act by filing the dispossessory action and by attempting to collect delinquent utility fees, despite knowing of her bankruptcy. (Am. Compl. [7] ¶¶ 1-20.) Ms. Magee alleges that Carroll Management Group's actions also violated the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390. (Am. Compl. ¶¶ 22-27.)

Now pending before the Court are defendants' Motions to Dismiss [15, 24]. For the reasons explained below, the undersigned **RECOMMENDS** that defendants' Motions be **GRANTED**.

## I.   GOVERNING LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint, or portions thereof, for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, the Court must take the allegations of the complaint as true and must construe those allegations in the light most favorable to the plaintiff.  Rivell v. Private Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam).

Although a court is required to accept well-pleaded facts as true when evaluating a motion to dismiss, it is not required to accept the plaintiff's legal conclusions.  Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012) (per curiam) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  When evaluating the sufficiency of a plaintiff's complaint, the court makes reasonable inferences in favor of the plaintiff, but is not required to draw the plaintiff's inference.  Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005) (per curiam).  Similarly, the Court does not accept as true "unwarranted deductions of fact or legal conclusions masquerading as facts."

2

Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (internal quotation marks and citation omitted).

Finally, the Court may dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face." Chandler, 695 F.3d at 1199 (internal quotation marks and citation omitted).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court observed that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.  Although factual allegations in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations and footnote omitted).  Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  The mere possibility that the defendant might have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss. Id.  Instead, the well-pleaded allegations of the complaint must move the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

3

## II.   PLAINTIFF'S ALLEGATIONS

On October 31, 2014, Ms. Magee filed a Voluntary Petition for Chapter 7 bankruptcy.   (Am. Compl. ¶ 12; Def. Mays Mot. Dismiss Ex. B [24-2] ("Voluntary Petition"), at 19-22); In re Magee, No. 14-71490 (Bankr. N.D. Ga. filed Oct. 31, 2014)[1].  Ms. Magee learned that Carroll Management Group had purchased the apartment complex in which she lived from her original landlord and informed Carroll Management Group of her pending bankruptcy case.[2]  (Am. Compl. ¶¶ 12-13.)[3]

_____

[1] The Court may take judicial notice of public records within its files relating to a particular case before it or to other related cases.  Cash Inn of Dade, Inc. v. Metro. Dade Cty., 938 F.2d 1239 (11th Cir.1991); see also Fed. R. Evid. 201 (permitting judicial notice of a fact "not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

[2] On January 30, 2015, Ms. Magee amended Schedule G of the Voluntary Petition (listing executory contracts and unexpired leases) to include, inter alia, "Carroll Organization" and "Arium Dunwoody A Carroll Community."  See In Re Magee, No. 14-71490, Am. Schedule G of Jan. 30, 2015.  (See also CMG Mot. Dismiss Ex. D [6-4], at 24 ("Schedule G").)

[3] Section 362(a)(1) of the Bankruptcy Code automatically stays the commencement or continuation of judicial actions or proceedings against a debtor, 11 U.S.C. § 362(a)(1), and imposes an affirmative duty to discontinue post-petition collection actions, Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1216 (9th Cir. 2002).  "A party violating the automatic stay, through continuing a collection action in a non-bankruptcy forum, must automatically dismiss or stay

4

On January 9, 2015, Carroll Management Group sent plaintiff a "Resident Ledger."   (Am. Compl. ¶ 9; Def. CMG Mot Dismiss Ex. C [15-3].)   That document included plaintiff's address, lease dates, resident status (i.e., current), and a table listing the date, description, charge, payment, balance, and late fees associated with her lease.  (Def. CMG Mot Dismiss Ex. C.)  The document did not state that it was a demand letter or make a demand for payment.  (Id.)

On January 15, 2015, Carroll Management Group filed a Dispossessory Warrant in the DeKalb County Magistrate Court against Ms. Magee in the name of "Arium Dunwoody Carroll Management Group."  (See Am. Compl. ¶¶ 4, 6; Def. Mays Mot. Dismiss Ex. A [24-1] ("Dispossessory Warrant")[4].)   That pleading sought past due rent, late fees, court costs, consequential expenses, service fees, and utilities.  (Dispossessory Warrant [24-1].)

On January 30, 2015, Ms. Magee filed an Answer to the Dispossessory Warrant stating that she had filed bankruptcy on October 31, 2015, and that the

---

such proceeding or risk possible sanctions for willful violations pursuant to § 362(h)."  Id. at 1214.

[4] The Court may consider documents that are referenced in the Amended Complaint and are central to plaintiffs' claims without converting a motion to dismiss into a motion for summary judgment.  See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997) (per curiam).

bankruptcy petition imposed an automatic stay on all debt collection efforts.  (Am. Compl. ¶ 14; Def. Mays Mot. Dismiss Ex. B [24-2] ("Answer"), at 1-12.) Plaintiff attached her bankruptcy petition to that pleading.  (Def. Mays Mot. Dismiss Ex. B [24-2], at 19-22.)  That same day, she mailed a copy of her Answer to Attorney Mays.  (Def. Mays Mot. Dismiss Ex. B [24-2], at 2-4.) [5]

Attorney Mays prepared a formal Order of Stay Pursuant to Bankruptcy and presented it to the DeKalb County Magistrate Court Judge on February 12, 2015; the Judge signed and entered the Order.  (See Am. Compl. ¶¶ 8, 16; Def. Mays Mot. Dismiss Ex. C [24-3] ("Order of Stay").) [6]

Despite the stay, Carroll Management Group sent plaintiff at least seven demand letters in an attempt to collect prepetition bankruptcy debt.  (Am. Compl. ¶ 17; see also CMG Reply Ex. B [20-2] ("Demand Letters").)   Carroll Management Group took $72.28 from Ms. Magee's December 2014 rent payment

---

[5] The Court excludes the first sentence of paragraph 12 in the Amended Complaint, generally alleging that "[B]oth Defendants knew that Plaintiff had filed a bankruptcy, Case No. 14-71490," because it is conclusory and does not meet the strictures of Iqbal and Twombly.

[6] The Amended Complaint also alleges that Attorney Mays went "so far as to argue that the stay did not apply."  (Am. Compl. ¶ 15.)  It is incongruous that plaintiff's counsel included an attorney's act of advocating for his client as support for the alleged FDCPA violation.  That fact is irrelevant, and the Court need not consider it.

to pay for prepetition debt.  (Am. Compl. ¶ 18.)  Carroll Management Group "continued to attempt the collection of prepetition utility fee[s]."  (Id.) [7]

On February 24, 2015, Ms. Magee filed a Complaint against Carroll Management Group alleging that its efforts to collect pre-petition debt and dispossess her violated the automatic bankruptcy stay.  In re Magee, 15-05110-PWB (Bankr. N.D. Ga. filed on Feb. 2, 2015).  United States Bankruptcy Judge Paul W. Bonapfel issued a Final Judgment in Ms. Magee's favor, sanctioning Carroll Management Group $5,250.  Id. Final J. of Aug. 5, 2015.

## III.  **DISCUSSION**

The Amended Complaint alleges two causes of action.  Count I contends that Carroll Management Group filed the dispossessory action in state court and attempted to collect prepetition debt despite knowledge of plaintiff's bankruptcy,

---

[7] The Amended Complaint alleges that both "Defendants May[s] and [Carroll Management Group] continued to attempt the collection of prepetition utility fees[s]."  (Am. Compl. ¶ 19.)  However, plaintiff's allegation that Attorney Mays was involved in those collection efforts is conclusory and appears to be a typographical error, as neither party addresses it in their briefs.  Likewise, plaintiff does not contend that he did so in her Motion for Partial Summary Judgment.  Furthermore, the demand letters [20-2] regarding plaintiff's utility fees did not come from Attorney Mays, nor do they include any reference to him.  See Brooks, 116 F.3d at 1368-69.  Thus, the undersigned **REPORTS** that Ms. Magee has failed to state a FDCPA claim against Attorney Mays regarding attempts to collect utility fees in violation of the automatic bankruptcy stay.

and that Attorney Mays failed to dismiss or stay that action, thereby violating §§ 1692e(2)(A) and 1692f(1) of the FDCPA.  (Am. Compl. ¶¶ 12-20.)  Count II contends that defendant Carroll Management Group's actions also violated the GFBPA. (Id. ¶¶ 22-27.)

### A.    Count I:  FDCPA Claims

In enacting the FDCPA, Congress sought "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e); see also Brown v. Budget Rent–A–Car Sys., Inc., 119 F.3d 922, 924 (11th Cir.1997) (per curiam).  The FDCPA defines a "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6).

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt"

8

as well as the use of "unfair or unconscionable" means of collection.  15 U.S.C. §§ 1692e, 1692f.  Section 1692e(2)(A) specifically prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt."  Id. § 1692e(2)(A).  Similarly, § 1692f(1) prohibits the collection of a debt or incidental charges unless "expressly authorized by the agreement creating the debt or permitted by law."  Id. § 1692f(1).  However, a debt collector may not be held liable under the FDCPA if he "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  Id. 1692k(c).

## 1.    Attorney Mays

Ms. Magee alleges that Attorney Mays violated the FDCPA by failing to take immediate steps to dismiss or stay the dispossessory after receiving notice of the automatic bankruptcy stay.  (Am. Compl. ¶¶ 4, 12, 14-16.)  Ms. Magee's claim against Attorney Mays focuses on his failure to act between the notice she mailed on January 30, 2015, and the February 12, 2015 Order of Stay Pursuant to Bankruptcy.  (Id. ¶¶ 14-16.)  Attorney Mays does not dispute that he is a debt collector, but argues that he did not violate the automatic bankruptcy stay and therefore did not violate the FDPCA.  (Def. Mays Mem. Supp. [24] 3.)  Plaintiff

responds that, by not "immediately" acting to stay the dispossessory case she was "required to wait almost two weeks to come to court to learn her fate."  (Pl.'s Resp. Attorney Mays Mot. Dismiss [25] 4-5.)

It is undisputed that, on January 30, 2015, Ms. Magee filed an Answer to the Dispossessory Warrant with a copy of the Voluntary Petition and a statement indicating the automatic bankruptcy stay was in effect.  Likewise, it is undisputed that Attorney Mays was not a party to plaintiff's bankruptcy case and received notice of it sometime after January 30, 2015—the date plaintiff mailed copies of the above documents to him.  Ms. Magee does not allege that Attorney Mays took any additional actions to collect her debt, i.e., she does not accuse him of contacting her and falsely representing the legal status of the debt, or of unfairly attempting to collect it via further litigation.  Rather, it is undisputed that Attorney Mays's next action (roughly a week after he likely received Ms. Magee's Answer to Dispossessory Warrant via mail) was to present the DeKalb County Magistrate Court with a proposed order to stay the dispossessory—which the Judge signed.

It is perplexing how Ms. Magee can reasonably believe that the FDCPA allows her to recover against Attorney Mays for his inaction during the twelve-day period at issue, where:  (1) Attorney Mays did not know of Ms. Magee's bankruptcy when initiating the dispossessory, (2) he learned of the automatic stay

10

days after plaintiff had already submitted documentation of the stay to the DeKalb County Magistrate Court, thereby effectively staying the case, and (3) Ms. Magee does not allege that Attorney Mays made any other attempts to collect the debt. Indeed, Ms. Magee herself effectively stayed the dispossessory case during the entire period at issue—from January 30 to February 12, 2015.

In sum, Ms. Magee first stayed the dispossessory and then informed Attorney Mays of her action via certified mail, yet seeks to hold him liable for not duplicating her effort sooner than the next scheduled court date—roughly a week after he learned of the circumstances. Without more, Ms. Magee cannot hold Attorney Mays liable under the FDCPA for false representation or attempted collection via a stayed action. See Goodrich v. Union Planters Mortg., 196 F. App'x 586, 587-89 (9th Cir. 2006) (finding violation of § 362 not actionable and no violation of the FDCPA, where creditors did not know of bankruptcy stay when they foreclosed and, upon learning of the stay, took actions suggesting that they understood the foreclosure to be void). Moreover, this Court has found that no damages could arise under similar circumstance. See Alley Cassetty Cos. v. Wren, 502 B.R. 609, 613-14 (N.D. Ga. 2013) (reversing bankruptcy court's award of damages to debtor because creditor was not required to dismiss state court lawsuit given debtor's submission of a suggestion of bankruptcy to state

11

court (effecting a stay) and creditor had abided by the stay by taking no further action in state court).  Accordingly, the undersigned **REPORTS** that plaintiff has failed to state a FDCPA claim against Attorney Mays and **RECOMMENDS** that his Motion to Dismiss be **GRANTED**.

### 2.    Carroll Management Group

Plaintiff alleges that Carroll Management Group violated the FDCPA by using false names to collect debt and dispossess her despite knowledge of the automatic bankruptcy stay.  (Am. Compl. ¶¶ 5-13, 19.)[8]  Carroll Management Group argues that it is plaintiff's creditor and not a debt collector subject to the FDCPA.  (CMG Mem. Supp. Mot. Dismiss [15].)[9]

_____

[8] Plaintiff's allegations that Carroll Management Group violated the FDCPA by attempting to collect a debt it had obtained after default must fail. The Eleventh Circuit recently held that "a person who does not otherwise meet the requirements of § 1692a(6) is not a 'debt collector' under the FDCPA, even where the consumer's debt was in default at the time the person acquired it." Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1316 (11th Cir. 2015).  Thus, the status of plaintiff's debt at the time Carroll Management Group acquired it is irrelevant.

[9] The Court may not consider the Limited Warranty Deed [15-1] and Property Management Agreement [15-2] attached to Carroll Management Group's Motion to Dismiss as those documents are not referenced in the Complaint or central to plaintiff's claims.  Thus, the Court accepts Ms. Magee's allegation that Carroll Management Group purchased the apartment complex from her original landlord, making it her creditor with regard to the alleged debt.

At this stage of the litigation, the Court must accept the factual allegations set forth in the Amended Complaint as true.   <u>Twombly</u>, 550 U.S. at 555. However, the Court need not accept conclusory recitations of the elements of a cause of action and the allegations must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action," <u>id.</u>, i.e., facts that "render plaintiffs' entitlement to relief plausible," <u>id.</u> at 569 n.14.

The Amended Complaint alleges that Carroll Management Group is Ms. Magee's creditor, having purchased the apartment complex in which she lived from her original landlord.  (Am. Compl. ¶¶ 5, 13.)  Ms. Magee asserts that Carroll Management Group attempted to collect her debt using a false name (<u>id.</u> ¶ 5) and lists the following as specific examples:  (1) on January 15, 2015, Carroll Management Group filed a dispossessory warrant against her using the name "Arium Dunwoody Carroll Management Group" (<u>id.</u> ¶ 6); (2) on April 12, 2015, Carroll Management Group filed a dispossessory warrant against her using the name "Arium Dunwoody Carroll Management Group" (<u>id.</u> ¶ 7); and (3) Carroll Management Group's attorney prepared an order and judgment (which was

---

(Am. Compl. ¶ 13.)

13

entered) against plaintiff using the name "Arium Dunwoody Carroll Management Group" and prepared a similar order to stay the case using that name (id. ¶ 8).

The Amended Complaint states that Carroll Management Group has not continuously done business as "Arium Dunwoody Carroll Management Group," nor constantly dealt with her under the name Carroll Management Group. (Am. Compl. ¶¶ 9, 11.) As examples of alternate designations, Ms. Magee alleges that on January 9, 2015, she received a Resident Ledger from "Carroll Organization," (id. ¶ 9), and alleges that Carroll Management Group has used "Arium Dunwoody" and "Arium Dunwoody Management" as aliases (id. ¶ 10).

Given Carroll Management Group's alleged status as plaintiff's creditor, the parties focus on whether it is subject to the FDCPA under the false name exception. See 15 U.S.C. § 1692a(6) (defining "debt collector" to include "any creditor, who in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts"). The false name exception is triggered if the least sophisticated consumer would have the false impression that a third party was collecting the debt. See Dynott v. Nationstar Mortg., LLC, No. 1:13-CV-1474-WSD, 2014 WL 1028886, at *3 (N.D. Ga. Mar. 17, 2014) (applying "least sophisticated consumer" standard to FDCPA claim regarding allegedly confusing

14

and deceptive letters); <u>Reese v. JPMorgan Chase & Co.</u>, 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009); <u>accord</u> <u>Vincent v. The Money Store</u>, 736 F.3d 88, 100 (2d Cir. 2013) (explaining that the "use" element of § 1692a(6) focuses on whether the creditor actively engaged in misrepresenting its identity).

Plaintiff specifically alleges that Carroll Management Group indicated that a third person was involved in collecting her debt when it filed dispossessory actions using the name "Arium Dunwoody Carroll Management Group."   In support of her assertion, plaintiff heavily relies on <u>Catencamp v. Cendant Timeshare Resort Group-Consumer Finance, Inc.</u>, 471 F.3d 780 (7th Cir. 2006), in which a creditor used an abbreviation of its name ("CTRG-Consumer Finance") and an unrelated name ("Resort Financial Services") in a dunning letter. <u>Id.</u> at 781-82.  The Seventh Circuit explained that, had the creditor used its own name in addition to the other names then the FDCPA would not apply based on the creditor exclusion.  <u>Id.</u> at 782.  However, the Seventh Circuit reasoned that, because the creditor used a potentially misleading acronym of its name and a false trade name, an unsophisticated recipient likely would be confused and the creditor met § 1692a(6)'s definition of a debt collector.  <u>See id.</u> ("It is hard to see why recipients should be expected to know that 'Resort Financial Services' and 'CTRG-Consumer Finance' are the same as 'Cendant Timeshare Resort Group-

15

Consumer Finance, Inc.' when the word 'Cendant' does not appear in the letter and the document loudly proclaims that Fairfield Communities is the creditor.").

Here, however, Carroll Management Group's complete name was featured clearly and prominently on both allegedly misleading dispossessory warrants and the related proposed judgment and order.  Unlike the creditor in Catencamp, Carroll Management Group used its own name and did not claim that some other entity was plaintiff's creditor; neither sophistication nor guesswork was required to determine that Carroll Management Group was Ms. Magee's creditor attempting to collect its own debt.  That Ms. Magee was presented with dispossessory warrants from "Arium Dunwoody Carroll Management Group" as opposed to simply "Carroll Management Group" cannot bring Carroll Management Group into the ambit of the FDCPA via § 1692a(6)'s false name exception.  As the Eleventh Circuit explained in LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010) (per curiam),

> [t]he least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. . . . [t]he test has an objective component in that [w]hile protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

Id. at 1194 (internal quotation marks and citations omitted).

16

Moreover, plaintiff does not allege that the January 9, 2015 Resident Ledger was a dunning letter or an attempt to collect a debt, nor does it appear so on its face.  (See Am. Compl. ¶ 9; Def. CMG Mot Dismiss Ex. C [15-3].) [10] Likewise, Ms. Magee's allegations that Carroll Management Group "has been designated Arium Dunwoody or Arium Dunwoody Management" (id. ¶ 10), and "has not constantly dealt with Plaintiff under the name of Carroll Management Group," (id. ¶ 11) are conclusory and fail to allege that it used a false name while collecting debt. [11]

Thus, plaintiff cannot establish that defendant creditor Carroll Management Group is liable under the FDCPA as a debt collector because it used the name "Arium Dunwoody Carroll Management Group" to collect its own debt. Accordingly, the undersigned **REPORTS** that plaintiff has failed to state a

_____

[10] The Court may consider the "Resident Ledger" without converting the instant motion to one for summary judgment because it is a document referenced in the Amended Complaint and central to Ms. Magee's claims.  See Brooks, 116 F.3d at 1368-69.

[11] Notably, plaintiff's allegations in paragraphs 10 and 11 of the Amended Complaint imply that she was familiar with the name Arium Dunwoody-undermining her assertion that the dispossessory warrants were confusing.

17

FDCPA claim against Carroll Management Group and **RECOMMENDS** that its Motion to Dismiss be **GRANTED** as to Count I.

### B.    Count II:  GFBPA Claim

In Count II of the Amended Complaint, Ms. Magee alleges that Carroll Management Group filed dispossessory actions against her and continued debt collection efforts after it learned of her bankruptcy, thereby intentionally violating the GFBPA.  (Am. Compl. ¶¶ 26-27, 29.)  Carroll Management Group argues that its alleged violation of the automatic bankruptcy stay is the basis of plaintiff's GFBPA claim; therefore, that claim is preempted by the Bankruptcy Code. (CMG Mem. Supp. Mot. Dismiss 12-15.)

In Smith v. Mitchell Construction Co., 481 S.E.2d 558 (Ga. Ct. App. 1997), the Georgia Court of Appeals held that the Bankruptcy Code preempted state law claims against creditors for actions they took despite the plaintiff's pending bankruptcy and the associated automatic stay.  The Smith court explained that § 362 of the Bankruptcy Code provided a remedy for stay violations, noted that the bankruptcy court already had sanctioned the creditors $5,000 for violating the stay, and reasoned that bankruptcy courts are the only institutions capable of fashioning a uniform standard of conduct for creditors dealing with bankruptcy debtors.  Id. at 560-61.

Although <u>Smith</u> is not binding on the Court, the undersigned finds the appeals court's reasoning persuasive and notes the similarities between the two cases.  Here, as in <u>Smith</u>, the bankruptcy court fined Carroll Management Group $5,250 for violating the automatic bankruptcy stay.  <u>See</u> <u>In re Magee</u>, No. 15-05110-PWB, Final J. (Bankr. N.D. Ga. Aug. 5, 2015).  Section 362 of the Bankruptcy Code prohibits debt-collection activity outside bankruptcy proceedings, 11 U.S.C. § 362; thus, the FDCPA's purpose to protect consumers like Ms. Magee from unscrupulous debt collectors was not implicated while she was under the protection of the bankruptcy court system.  Accordingly, the undersigned **REPORTS** that plaintiff's GFBPA claim is preempted by 11 U.S.C. § 362 under the circumstances and **RECOMMENDS** that Carroll Management Group's Motion to Dismiss be **GRANTED** as to Count II.

## IV.   CONCLUSION

For the reasons stated above, the undersigned **REPORTS** that plaintiff's FDCPA and GFBPA claims fail as a matter of law.  Therefore, the undersigned **RECOMMENDS** that Carroll Management Group's Motion to Dismiss [15] and Attorney Mays's Motion to Dismiss [24] be **GRANTED**.

19

If the Court dismisses plaintiff's claim against Attorney Mays, then the undersigned **REPORTS** that Ms. Magee's Motion for Partial Summary Judgment [27] against him will be **MOOT** and should be **DISMISSED** as well.

**SO RECOMMENDED**, this 20th day of October, 2015.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE